UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>PILAR TORRES,<br><br>　　　　　　　Debtor. | Chapter 7<br>Case No. 10-12124 (JNF) |

CHAPTER 7 TRUSTEE'S MOTION TO APPROVE
SETTLEMENT OF PERSONAL INJURY CLAIM

Joseph Braunstein, the Chapter 7 Trustee (the "**Trustee**") of the estate of Pilar Torres (the "**Debtor**"), pursuant to Fed. R. Bankr. P. 9019 and MLBR 9019-1, hereby respectfully moves this Court to approve a compromise of a controversy by and among Pilar Torres, as potential plaintiff and Dickinson Development Corporation and CNA Insurance Company, as potential defendants (the "**Potential Defendants**"), with respect to a slip and fall personal injury claim (the "**Action**"). The Potential Defendants have made a settlement offer in the amount of $65,000.00 (the "**Settlement**"). The Trustee believes that the Settlement represents the highest and best recovery on the Action and is in the best interests of the Debtor's bankruptcy estate and its creditors. In further support of this Motion, the Trustee represents the following:

### Background

1.　　On March 1, 2010, the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code. On March 2, 2010, Joseph Braunstein was appointed as Chapter 7 Trustee. The Debtor's discharge was entered on June 8, 2010 and the case was closed on June 11, 2010.

2.　　The Trustee became aware of the Action when he was contacted by Thomas J. DiBase and the law firm of Joel H. Schwartz, P.C. (the "**Firm**"). The Debtor's Schedules did not

disclose the Action. On January 14, 2011, the Debtor filed a motion to reopen the case and amend her Schedules to add the Action with a value of $15,000.00. The Order re-opening the case was entered on January 18, 2011. On January 19, 2011, the Trustee filed a Withdrawal of No Distribution Report.

3.     On January 25, 2011, the Trustee filed an application to employ the Firm as special counsel to represent and provide legal services to the Trustee solely with respect to the Action (the "**Application**"). The Application was allowed on February 10, 2011.

4.     Recently, the Potential Defendants have agreed, subject to this Court's approval, to settle the Action for a total payment of $65,000.00 in full satisfaction of the Action. Attached as Exhibit "A" is a letter from the Firm recommending that the Trustee accept the Settlement, which it considers a favorable resolution of the Action. Pursuant to the Order employing the Firm and the related Contingent Fee Agreement, which was attached to the Application as Exhibit A, the Firm is entitled to $26,000.00 in attorneys' fees and $249.57 in costs. A total of $38,750.43 would come into the Estate for distribution to creditors minus the Medical Provider Liens as defined in paragraph 11.

5.     The statute of limitations period in relation to the Action will run in early May 2011. To avoid incurring the additional expense associated with drafting and filing a complaint to preserve the Action, the Trustee requests a determination on this Motion on or before April 29, 2011. The requested date provides the full notice period required for this Motion. Moreover, a determination by April 29, 2011 is in the best interests of the Estate and its creditors, as it will allow the Trustee to avoid filing a complaint if this Motion is allowed by that date.

## Request for Approval

6.     The Trustee has the inherent authority to compromise claims and controversies against third parties. Bankruptcy Courts favor the resolution of claims by compromise, because the method is both economical and practical. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968), *remanded to*, *TMT Trailer Ferry, Inc. v. Kirkland*, 471 F.2d 10 (5th Cir. 1972).

7.     The approval of a compromise or settlement is within the sound discretion of the Bankruptcy Court. In exercising its discretion, the Bankruptcy Court is to "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *In re GHR Co.*, 50 B.R. 925, 931 (Bankr. D. Mass. 1995) (Glennon, J.) (*citing In re Boston and Providence R.R.*, 673 F.2d 11, 12 (1st Cir. 1982)).

8.     In making this determination, the First Circuit has identified the following factors that a Bankruptcy Court may consider in determining whether to approve a settlement: "(i) the probability of success in the litigation being compromised; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and, (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise." *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995) (*citing In re Anolik*, 107 B.R. 426, 429 (D. Mass. 1989)). Consideration of the foregoing factors should demonstrate whether the compromise is fair and equitable, and whether the claims the estate is giving up are outweighed by the advantage to the estate of the settlement. *In re C.R. Stone Concrete Contractors, Inc.*, 346 B.R. 32, 49 (Bankr. D. Mass. 2006) (Hillman, J.).

9. "In determining the value of the claim and the proposed settlement, 'the [bankruptcy judge] ... is not to substitute her judgment for that of the trustee, and the trustee's judgment is to be accorded some deference.'" *Id.* (*citing Hicks, Muse & Co. v. Brandt (In re Healthco Int'l)*, 136 F.3d 45, 50 (1st Cir. 1998)). "The duty of the Chapter 7 trustee in considering whether to settle a claim is '... to reach an informed judgment, after diligent investigation, as to whether it would be prudent to eliminate the inherent risks, delays and expense of prolonged litigation in an uncertain case.'" *Id.* (*citing Kowal v. Malkemus (In re Thompson)*, 965 F.2d 1136, 1145 (1st Cir. 1992)).

10. Following discussions with the Firm, the Trustee believes that this Court should approve the Settlement, because the (a) Settlement represents the highest and best recovery of the Action in relation to Pilar Torres personal injury claim, (b) likelihood of success in any litigation on the Action is uncertain, and (c) Settlement avoids the ongoing cost, expense and delay associated with moving forward with the Action. The Trustee further believes that the Settlement is fair and reasonable and is in the best interests of the Debtor's bankruptcy estate, because it represents the best option for the Trustee to preserve a valuable asset of the estate that will be available for distribution to creditors.

11. The Firm has advised the Trustee that Neighborhood Health Plan and MassHealth have assert properly perfected medical provider liens on the proceeds of the Settlement in the total amount of $2,250.47 (the "**Medical Provider Liens**"). The Trustee is providing notice of this motion to all medical providers of the Debtor associated with the Action.

12. Through this Motion, the Trustee is also seeking this Court's authority to pay the following items from the Settlement without further order:

    a.    Attorneys' fees of $26,000.00 to the Firm, pursuant to the terms of the Contingent Fee Agreement;

    b.    Out-of-pocket expenses of $249.57 to the Firm, pursuant to the terms of the Contingent Fee Agreement; and

    c.    The Medical Provider Liens in the total amount of $2,250.47.

13.    The Trustee asserts that no party will be prejudiced by the relief requested in paragraph 12, as this Motion will be served on all creditors and parties-in-interest. He further asserts that such relief will benefit the estate by reducing the time and expense associated with filing separate papers for the payment of fees and expenses.

WHEREFORE, for the reasons set forth above, the Trustee respectfully requests that this Court enter an order (a) approving the Settlement and the disbursements from the proceeds referenced in paragraph 12, and (b) granting such other and further relief as is necessary and proper.

JOSEPH BRAUNSTEIN, CHAPTER 7
TRUSTEE OF THE ESTATE OF
PILAR TORRES

By his attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: April 5, 2011

*/s/ Kristin M. McDonough*
Joseph Braunstein (BBO #054680)
Kristin M. McDonough (BBO #637899)
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
kmcdonough@riemerlaw.com
(617) 523-9000

EXHIBIT A
(Settlement)

# JOEL H. SCHWARTZ, P.C.

ONE WASHINGTON MALL, 16TH FLOOR • BOSTON, MASSACHUSETTS • 02108-2004 • (617) 742-1170

TOLL FREE • (800) 660-2270
BROCKTON • (508) 588-9490
FRAMINGHAM • (508) 872-7500
FAX • (617) 742-3237
TTY • (617) 367-6622
E-MAIL • lawjhs@joelhschwartz.com
WEBSITE • www.joelhschwartz.com

JOEL H. SCHWARTZ
THOMAS J. DIBIASE
JOHN R. FOX (1957-2007)
STEVEN A. SCHWARTZ

JOHN M. VLASSAKIS
CONSTANCE M. TOOMEY
ANGELA L. WIEREMANN

KIM LAU-DAILEY - OFFICE MANAGER

March 30, 2011

Kristen McDonough
Riemer & Braunstein
3 Center Plaza, #6
Boston, MA  02108

Re:  *Pilar Torres*
     **DOL: May 9, 2008**
     **Case number: 10-12124**

Dear Kristen:

Please be advised that given the (very) questionable liability on the potential defendant in this "slip and fall" case, together with the risk, expense and delay that would come to bear if the civil litigation on the claim were to be commenced, the Sixty Five Thousand ($65,000) offer by the bodily injury insurer is an excellent resolution.

Our firm strongly recommends acceptance of the offer on the above-mentioned grounds and respectfully requests the Trustee to seek Bankruptcy Court approval.

Please expedite the process to the best of your ability, as the applicable Massachusetts Statute of Limitations expires on May 9, 2011.

Thank you and feel free to contact the undersigned with any concerns or questions.

Very truly yours,

*[signature]*

Thomas J. DiBiase

TJD/wn

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In re:<br><br>PILAR TORRES,<br><br>                Debtor. | Chapter 7<br>Case No. 10-12124 (JNF) |
|---|---|

## ORDER APPROVING CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT OF PERSONAL INJURY CLAIM

This matter having come before this Court upon consideration of the *Chapter 7 Trustee's Motion To Approve Settlement of Personal Injury Claim* (the "**Motion**"); due and sufficient notice of the Motion been given under the circumstances; and it appearing that the relief requested by the Motion is in the best interests of the Debtor's[1] bankruptcy estate, its creditors and other parties-in-interest in this case; and after due deliberation and sufficient cause appearing therefore; it is hereby ORDERED that:

1.     The Motion is allowed and the Settlement is approved.

2.     The Trustee is authorized to enter into and take any and all actions to effectuate the Settlement, as proposed by the Motion.

3.     The Trustee is authorized to pay the Firm $26,000.00 in legal fees and $249.57 in out of pocket expenses pursuant to the Contingent Fee Agreement.

4.     The Trustee is authorized to pay the Medical Provider Liens in the total amount of $2,250.47.

5.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Dated: _____          _____
                                     Joan N. Feeney
                                     United States Bankruptcy Court Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In re:<br><br>PILAR TORRES,<br><br>                Debtor. | Chapter 7<br>Case No. 10-12124 (JNF) |
|---|---|

## CERTIFICATE OF SERVICE

I, Kristin M. McDonough, with the law firm of Riemer & Braunstein LLP, hereby certify that I caused to be served on April 5, 2011, a true and accurate copy of the following **CHAPTER 7 TRUSTEE'S MOTION TO APPROVE PERSONAL INJURY CLAIM** by first class United States mail, postage pre-paid, or by electronic notification (EN) where indicated, to the individuals listed below and on the attached matrix:

Office of the United States Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109
USTPRegion01.BO.ECF@USDOJ.GOV  (EN)

Alfred Phillips, Esq.
8 Cutting Cross Way
Wayland, MA 01778
phillips226@comcast.net, cpalmieri@mwlegal.org;aphillips@mwlegal.org

Pilar Torres
828 Waverly Street, Apt 1
Framingham, MA 01702

Thomas DiBase, Esq.
Law Offices of Joel H. Schwartz, P.C.
Three Center Plaza
Boston, MA 02108

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131

Dickinson Development Corporation
1266 Furnace Brook Parkway
Quincy, MA 02169

CNA Insurance Company
P.O. Box 4855
Syracuse, NY 13221

Advanced Health Services
935 Washington Street
P.O. Box 284
Norwood, MA 02062

Allied Physical Therapy
188 Concord Street
Framingham, MA 01701

Associated Health Care Group
188 Concord Street
Framingham, MA 01701

Back and Neck Treatment Center
188 Concord Street
Framingham, MA 01701

Framingham Union Hospital
115 Lincoln Street
Framingham, MA 01702

Lawrence General Hospital
1 General Street
Lawrence, MA 01842

Masshealth – The Center for Healthcare Recoveries
P.O. Box 15205
Worcester, MA 01615-0205

Metrowest Anesthesiology, Inc.
400 Union Avenue
Framingham, MA 01701

Metrowest Medical Center
67 Union Street
Natick, MA 01760

Metrowest Radiology Associates
P.O. Box 890
Lewiston, ME 04240

Neighborhood Health Plan
253 Summer Street
Boston, MA 02210

Neurological Services
463 Worcester Road
Framingham, MA 01701

Orthopedics and Sports Medicine
67 Union Street, Suite 407
Natick, MA 01760

Shields MRI
P.O. Box 847936
Boston, MA 02284-7936

Massachusetts Department of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114

Internal Revenue Service
Special Procedures Function STOP 20800
P.O. Box 9112
JFK Building
Boston, MA 02203

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

/s/ Kristin M. McDonough
Joseph Braunstein (BBO #054680)
Kristin M. McDonough (BBO #637899)
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
jbraunstein@riemerlaw.com
kmcdonough@riemerlaw.com
(617) 523-9000

Torres Matrix

AFNI Inc
PO Box 3427
Bloomington, IL 61702

AT&T Mobility
Glenridge Highlands Two
5565 Glenridge Connector
Atlanta, GA 30342

Aspen- First Bank and Trust
520 6th Street
Brookings, SD 57006

Associated Health Care
188 Concord St.
Framingham, MA 01701

Collection Company of America
700 Longwater Dr.
Norwell, MA 02061

Comcast
PO box 6505
Chelmsford, MA 01824-0905

Credit Collection Services
PO Box 9133
Needham Heights, MA 02494

ER Solutions
800 S.W. 39th Street
P.O. Box 9004
Renton, WA 98057

First Resolution Investment Co
2985 Virtual Way, Ste 400
Vancouver, BC V5M-4X7

Framingham Municipal CU
200 Concord Street
Framingham, MA 01702

Jefferson Capital Systems
16 McLeland Rd.
Saint Cloud, MN 56303

Kenneth C. Wilson
Lustig, Glaser & Wilson
P O Box 9127
Needham, MA 02492

LVNV Funding
200 Meeting St., Ste. 206
Charleston, SC 29401

LVNV Funding LLC
PO Box 10497
Greenville, SC 29603

Midland Credit Management
8875 Aero Dr.
San Diego, CA 92123

Midland Credit Management
Dept. 12421
P O Box 603
Oaks, PA 19456

NSTAR Electric
P.O. Box 4508
Woburn, MA 01888-4508

Patrick Handlin
5 Industrial Way
Salem, NH 03079

Pelham Apartments
39 Beaver Park Road
Framingham, MA 01702

Providian National Bank
Providian Payment Center
P.O. Box 9539
Manchester, N.H. 03108-9539

RJM Acq. LLC
575 Underhill Blvd, Ste 2
Syosset, NY 11791

Sears/CBSD
PO Box 6241
Sioux Falls, SD 57117

T Mobile
P O Box 742596
Cincinnati, OH 45274

TD Banknorth
15 Park Street
Framingham, MA 01702

Texaco
Consumer Connection Center
P O Box 4000
Bellaire, TX 77402

Timothy Corcoran
424 Adams Street, Ste. 100
Milton, MA 02186

Verizon New England INC
P O Box 1100
Albany, NY 12250