04/28/2011 No objections. Motion allowed.

[Signature: Joan N. Feeney]

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In re:<br><br>PILAR TORRES,<br><br>    Debtor. | Chapter 7<br>Case No. 10-12124 (JNF) |
|---|---|

**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE**
**SETTLEMENT OF PERSONAL INJURY CLAIM**

  Joseph Braunstein, the Chapter 7 Trustee (the "**Trustee**") of the estate of Pilar Torres (the "**Debtor**"), pursuant to Fed. R. Bankr. P. 9019 and MLBR 9019-1, hereby respectfully moves this Court to approve a compromise of a controversy by and among Pilar Torres, as potential plaintiff and Dickinson Development Corporation and CNA Insurance Company, as potential defendants (the "**Potential Defendants**"), with respect to a slip and fall personal injury claim (the "**Action**"). The Potential Defendants have made a settlement offer in the amount of $65,000.00 (the "**Settlement**"). The Trustee believes that the Settlement represents the highest and best recovery on the Action and is in the best interests of the Debtor's bankruptcy estate and its creditors. In further support of this Motion, the Trustee represents the following:

**Background**

  1.  On March 1, 2010, the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code. On March 2, 2010, Joseph Braunstein was appointed as Chapter 7 Trustee. The Debtor's discharge was entered on June 8, 2010 and the case was closed on June 11, 2010.

  2.  The Trustee became aware of the Action when he was contacted by Thomas J. DiBase and the law firm of Joel H. Schwartz, P.C. (the "**Firm**"). The Debtor's Schedules did not

disclose the Action. On January 14, 2011, the Debtor filed a motion to reopen the case and amend her Schedules to add the Action with a value of $15,000.00. The Order re-opening the case was entered on January 18, 2011. On January 19, 2011, the Trustee filed a Withdrawal of No Distribution Report.

3. On January 25, 2011, the Trustee filed an application to employ the Firm as special counsel to represent and provide legal services to the Trustee solely with respect to the Action (the "**Application**"). The Application was allowed on February 10, 2011.

4. Recently, the Potential Defendants have agreed, subject to this Court's approval, to settle the Action for a total payment of $65,000.00 in full satisfaction of the Action. Attached as Exhibit "A" is a letter from the Firm recommending that the Trustee accept the Settlement, which it considers a favorable resolution of the Action. Pursuant to the Order employing the Firm and the related Contingent Fee Agreement, which was attached to the Application as Exhibit A, the Firm is entitled to $26,000.00 in attorneys' fees and $249.57 in costs. A total of $38,750.43 would come into the Estate for distribution to creditors minus the Medical Provider Liens as defined in paragraph 11.

5. The statute of limitations period in relation to the Action will run in early May 2011. To avoid incurring the additional expense associated with drafting and filing a complaint to preserve the Action, the Trustee requests a determination on this Motion on or before April 29, 2011. The requested date provides the full notice period required for this Motion. Moreover, a determination by April 29, 2011 is in the best interests of the Estate and its creditors, as it will allow the Trustee to avoid filing a complaint if this Motion is allowed by that date.

## Request for Approval

6. The Trustee has the inherent authority to compromise claims and controversies against third parties. Bankruptcy Courts favor the resolution of claims by compromise, because the method is both economical and practical. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968), *remanded to, TMT Trailer Ferry, Inc. v. Kirkland*, 471 F.2d 10 (5th Cir. 1972).

7. The approval of a compromise or settlement is within the sound discretion of the Bankruptcy Court. In exercising its discretion, the Bankruptcy Court is to "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *In re GHR Co.*, 50 B.R. 925, 931 (Bankr. D. Mass. 1995) (Glennon, J.) (*citing In re Boston and Providence R.R.*, 673 F.2d 11, 12 (1st Cir. 1982)).

8. In making this determination, the First Circuit has identified the following factors that a Bankruptcy Court may consider in determining whether to approve a settlement: "(i) the probability of success in the litigation being compromised; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and, (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise." *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995) (*citing In re Anolik*, 107 B.R. 426, 429 (D. Mass. 1989)). Consideration of the foregoing factors should demonstrate whether the compromise is fair and equitable, and whether the claims the estate is giving up are outweighed by the advantage to the estate of the settlement. *In re C.R. Stone Concrete Contractors, Inc.*, 346 B.R. 32, 49 (Bankr. D. Mass. 2006) (Hillman, J.).

9. "In determining the value of the claim and the proposed settlement, 'the [bankruptcy judge] ... is not to substitute her judgment for that of the trustee, and the trustee's judgment is to be accorded some deference.'" *Id.* (*citing Hicks, Muse & Co. v. Brandt (In re Healthco Int'l)*, 136 F.3d 45, 50 (1st Cir. 1998)). "The duty of the Chapter 7 trustee in considering whether to settle a claim is '... to reach an informed judgment, after diligent investigation, as to whether it would be prudent to eliminate the inherent risks, delays and expense of prolonged litigation in an uncertain case.'" *Id.* (*citing Kowal v. Malkemus (In re Thompson)*, 965 F.2d 1136, 1145 (1st Cir. 1992)).

10. Following discussions with the Firm, the Trustee believes that this Court should approve the Settlement, because the (a) Settlement represents the highest and best recovery of the Action in relation to Pilar Torres personal injury claim, (b) likelihood of success in any litigation on the Action is uncertain, and (c) Settlement avoids the ongoing cost, expense and delay associated with moving forward with the Action. The Trustee further believes that the Settlement is fair and reasonable and is in the best interests of the Debtor's bankruptcy estate, because it represents the best option for the Trustee to preserve a valuable asset of the estate that will be available for distribution to creditors.

11. The Firm has advised the Trustee that Neighborhood Health Plan and MassHealth have assert properly perfected medical provider liens on the proceeds of the Settlement in the total amount of $2,250.47 (the "**Medical Provider Liens**"). The Trustee is providing notice of this motion to all medical providers of the Debtor associated with the Action.

12. Through this Motion, the Trustee is also seeking this Court's authority to pay the following items from the Settlement without further order:

  a. Attorneys' fees of $26,000.00 to the Firm, pursuant to the terms of the Contingent Fee Agreement;

  b. Out-of-pocket expenses of $249.57 to the Firm, pursuant to the terms of the Contingent Fee Agreement; and

  c. The Medical Provider Liens in the total amount of $2,250.47.

13. The Trustee asserts that no party will be prejudiced by the relief requested in paragraph 12, as this Motion will be served on all creditors and parties-in-interest. He further asserts that such relief will benefit the estate by reducing the time and expense associated with filing separate papers for the payment of fees and expenses.

WHEREFORE, for the reasons set forth above, the Trustee respectfully requests that this Court enter an order (a) approving the Settlement and the disbursements from the proceeds referenced in paragraph 12, and (b) granting such other and further relief as is necessary and proper.

JOSEPH BRAUNSTEIN, CHAPTER 7
TRUSTEE OF THE ESTATE OF
PILAR TORRES

By his attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: April 5, 2011

*/s/ Kristin M. McDonough*
Joseph Braunstein (BBO #054680)
Kristin M. McDonough (BBO #637899)
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
kmcdonough@riemerlaw.com
(617) 523-9000